**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

ARTISAN MANUFACTURING CORPORATION,

                  Plaintiff,

          - against -

ALL GRANITE & MARBLE CORPORATION.,

                  Defendant.

---------------------------------------------------------------- x

Civil Action No.: **07 CV 11278**

Judge Pauley

**COMPLAINT**



DEC 1 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Artisan Manufacturing Corporation ("Artisan"), by its attorneys Arnold & Porter

LLP, complains and alleges against Defendant All Granite & Marble Corporation ("All Granite")

as follows:

**NATURE OF ACTION**

      1.     Artisan seeks injunctive relief and damages pursuant to Sections 32 and 43(a) of

the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); New York General Business Law Sections

349, 350 and 360-1 and the common law of the state of New York.

**JURISDICTION AND VENUE**

      2.     This Court has jurisdiction over the subject matter of this action pursuant to (i) 28

U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 for the claims arising out of violations of

Sections 32 and 43(a) of the Lanham Act; (ii) 28 U.S.C. § 1332(a)(2), as an action between

citizens of a State and citizens or subjects of a foreign state in which the amount in controversy

exceeds $75,000, exclusive of interest and costs; and (iii) 28 U.S.C. § 1367(a), pursuant to the

principles of supplemental jurisdiction.

      3.     Venue in this district is proper under 28 U.S.C. § 1391(b) because, among other

things, Artisan and All Granite are doing and/or transacting business in this judicial district, and

a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## THE PARTIES

4.      Plaintiff Artisan is a corporation organized and existing under the laws of the State of New York and maintains an office at 375 Broadway, Third Floor, New York, New York 10018.

5.      Upon information and belief, All Granite is a New Jersey corporation with its principal place of business at 1-a Mount Vernon Street, Ridgefield Park, New Jersey 07660. Upon information and belief, this Court has jurisdiction over All Granite which is doing and/or transacting business in the State of New York and this judicial district, and has committed the tortious acts complained of within this State.

## ARTISAN'S VALUABLE TRADEMARKS

6.      Since 2003, Artisan has manufactured, marketed, and sold high quality, stainless steel sinks, faucets and accessories under the ARTISAN word trademark and a distinctive Fleur-De-Lis Design mark. Artisan is considered a premium, top-of-the-line sink manufacturer, and its ARTISAN brand sinks are comparable to other high-end brands such as Kohler, Blanco and Elkay. Advertisements for ARTISAN brand sinks, also featuring the Fleur-De-Lis Design mark, have appeared in publications including *Better Homes & Gardens*, *Trend*, *Signature Kitchens*, *Kitchen & Bath Business* and *Stone World*. A photograph of an ARTISAN brand sink is attached hereto as Exhibit A.

7.      Artisan is the owner of a registration in the U.S. Patent and Trademark Office ("USPTO") for the trademark "ARTISAN", as well as an application to register its Fleur-De-Lis Design mark, as follows:

2

| Trademark | Serial/ Registration No. | Goods | Status |
|---|---|---|---|
| ARTISAN | 2,964,024 | Sinks, namely, stainless steel and color sinks; plumbing fixtures, namely, stainless steel hot water tanks; bath tubs; sanitary apparatus and installations, namely, stainless steel toilets, stainless steel sinks, in Class 11 | Registered; first use Sept. 1, 2003 |
|  | 77/316,683 | Sinks, in Class 11 | Application filed; first use Aug. 21, 2003 |

True and correct copies of the records of the USPTO for the foregoing registration and application are attached hereto as Exhibit B. Collectively the marks that are the subject of the foregoing registration and application are hereinafter referred to as the "Artisan Marks".

8.     Artisan has expended substantial time, money and other resources in developing, advertising and promoting kitchen and bathroom fixtures and sinks bearing the Artisan Marks to consumers. As a result of these efforts, consumers readily identify sinks bearing the Artisan Marks as being of the highest quality and as emanating from and being sponsored and approved by Artisan. The goodwill symbolized by the Artisan Marks is of incalculable value.

## ALL GRANITE'S BAIT AND SWITCH SCHEME

9.     All Granite operates retail stores at which it offers for sale and sells granite and marble countertops for installation in kitchens and bathrooms. Such installation include sinks and accessories therefor.

10.     In October 2003, All Granite entered into discussions with Artisan to become a distributor of ARTISAN brand sink products and accessories bearing the Artisan Marks. All Granite became an authorized distributor of ARTISAN products in November 2004, but the

3

relationship was subsequently terminated as of late August 2006. Artisan has not sold any ARTISAN brand products to All Granite since August 2006.

11.    Artisan has recently discovered that All Granite is displaying ARTISAN brand sinks bearing the Artisan Marks in All Granite's retail showrooms, and is purporting to sell such products along with other products and services of All Granite, including kitchen countertop installations. At the point of sale, All Granite's salesperson shows the customer a model installation with an ARTISAN brand sink, bearing the Fleur-De-Lis Design, and represents to the customer that the ARTISAN brand sink shown will be part of any installation performed by All Granite.

12.    When a customer contracts with All Granite and orders a countertop installation, however, the countertop is installed in the customer's home with a sink that is not an authentic ARTISAN brand product. Instead, a substitute sink, bearing a fleur-de-lis design that is confusingly similar to Artisan's Fleur-De-Lis Design, is installed. At no point in time does All Granite inform its customers that the sink All Granite actually installs will not be an ARTISAN brand sink. A photograph of a substitute sink installed by All Granite is attached hereto as Exhibit C.

13.    Artisan learned of All Granite's bait and switch scheme when customers of All Granite began contacting Artisan to purchase accessories for the sinks being installed by All Granite, and to report problems with the sinks. Among other things, customers reported that the gauge, or thickness, of the substitute sinks was inferior to Artisan's high quality 16-gauge sinks.

14.    By displaying sinks bearing the Artisan Marks in its showroom, and by otherwise promising customers genuine ARTISAN brand sinks as part of the sale of All Granite's countertop installation services, and then substituting inferior sinks bearing confusingly similar

4

marks, All Granite is deliberately attempting to deceive consumers into believing that the substitute sinks are authentic ARTISAN brand sinks manufactured and sold by Artisan.

15.    All Granite's use of ARTISAN brand products bearing the Artisan Marks, and then substituting sinks bearing marks that are confusingly similar to the Artisan Marks, constitutes trademark counterfeiting, trademark infringement, false designation of origin, and false advertising under federal and state law.

16.    All Granite's actions also dilute and tarnish the substantial goodwill associated with the Artisan Marks. Because the substitute sinks are of inferior quality to ARTISAN brand sinks, consumers are likely to believe that ARTISAN brand sinks are not the premium, high-end sinks that they have come to expect.

## FIRST CLAIM FOR RELIEF
### Trademark Counterfeiting in Violation of Section 32 of the Lanham Act
### (15 U.S.C. § 1114(1)(a))

17.    Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 16 hereof.

18.    All Granite, without authorization, has used a spurious designation that is identical with, or substantially indistinguishable from, the registered ARTISAN trademark in connection with its distribution, advertising, promotion, marketing, sale and/or offering for sale of counterfeit ARTISAN sinks.

19.    All Granite's unauthorized use of the ARTISAN trademark in connection with the advertisement, distribution and sale of counterfeit goods constitutes use of Artisan's registered trademark in commerce.

20.    All Granite's unauthorized use of the ARTISAN trademark is likely to cause confusion or to cause mistakes, or to deceive consumers into believing that All Granite's

products are genuine, authorized, sponsored or approved by Artisan or that All Granite is affiliated, connected or associated with or in some way related to Artisan.

21.    All Granite's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a)).

22.    Upon information and belief, by their acts, All Granite has made, and will continue to make, substantial profits and gains to which they are not in law or equity entitled.

23.    Upon information and belief, All Granite intends to continue its acts of counterfeiting, and will continue to willfully counterfeit the ARTISAN trademark unless restrained by this Court.

24.    All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement in Violation of Section 32 of the Lanham Act
### (15 U.S.C. § 1114(1)(a))

25.    Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 24 hereof.

26.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant,

> [A]ny reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . .

27.    All Granite has engaged in trademark infringement by its use of the mark "Artisan," which is identical to Artisan's registered ARTISAN trademark in connection with goods that are not genuine or authorized ARTISAN products.

28.    The acts of All Granite, as aforesaid, have caused, and are likely to cause,

confusion or mistake, or to deceive consumers into thinking that the substitute sinks are genuine

or authorized ARTISAN products and/or that Artisan sponsored or approved the sale and/or

offering for sale of these substitute sinks, all in violation of Section 32 of the Lanham Act (15

U.S.C. § 1114(1)(a)).

29.    Upon information and belief, by its acts, All Granite has made and will make

substantial profits and gains to which it is not in law or equity entitled.

30.    Upon information and belief, All Granite intends to continue its infringing acts,

and will continue to willfully infringe Artisan's registered trademark, unless restrained by this

Court.

31.    All Granite's acts have caused, and will continue to cause, irreparable injury to

Artisan, and Artisan has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
#### False Designation of Origin in Violation of Section 43(a)(1)(A) of the Lanham Act
#### (15 U.S.C. § 1125(a)(1)(A))

32.    Artisan hereby incorporates by reference and realleges each and every allegation

contained in paragraphs 1 through 31 hereof.

33.    All Granite's use of the Artisan Marks, as aforesaid, has caused and is likely to

continue to cause confusion or mistake, or to deceive consumers into thinking that All Granite is

affiliated, connected or associated with Artisan and/or that Artisan sponsors, endorses, licenses

or approves All Granite's sale, offer for sale and/or advertisement of the inferior, substitute sinks

that All Granite installs, which sinks bear marks that are confusingly similar to the Artisan

Marks.

34.    Upon information and belief, the aforesaid acts of All Granite constitute a false

designation of origin, in that All Granite has failed to adequately inform consumers at the point

of sale that the substitute sinks are not ARTISAN brand sinks, and is presenting the substitute sinks at installation as if they were ARTISAN brand sinks, all in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

35.    Upon information and belief, by its acts, All Granite has made and will make substantial profits and gains to which it is not in law or equity entitled.

36.    Upon information and belief, All Granite intends to continue its infringing acts, and will continue to willfully infringe the Artisan Marks, unless restrained by this Court.

37.    All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act**
**(15 U.S.C. § 1125(a)(1)(B))**

38.    Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 37 hereof.

39.    Upon information and belief, the aforesaid acts of All Granite constitute false advertising, in that All Granite informs customers that they will be receiving an authentic ARTISAN brand sink when purchasing All Granite's kitchen installation services, but then installs a sink that is not manufactured, sold, approved or authorized by Artisan.

40.    All Granite's acts as aforesaid constitute false advertising in violation of Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)).

41.    Upon information and belief, by its acts, All Granite has made and will make substantial profits and gains to which it is not in law or equity entitled.

42.    Upon information and belief, All Granite intends to continue its infringing acts, and will continue to willfully infringe the Artisan Marks, unless restrained by this Court.

43.     All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

44.     Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 43 hereof.

45.     The Artisan Marks are valid trademarks under New York common law.

46.     By the acts alleged herein, All Granite is liable for trademark infringement of the Artisan Marks under New York common law.

47.     Upon information and belief, by its acts, All Granite has made and will make substantial profits and gains to which it is not in law or equity entitled.

48.     Upon information and belief, All Granite intends to continue its infringing acts, and will continue to willfully infringe the Artisan Marks, unless restrained by this Court.

49.     All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### Common Law Unfair Competition

50.     Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 49 hereof.

51.     All Granite's conduct, as alleged above, constitutes unfair competition under New York's common law.  All Granite's acts have resulted in the "passing off" of All Granite's substitute sinks as those of Artisan, or as somehow related or associated with, or sponsored or endorsed by, Artisan.

52.     Upon information and belief, by its acts, All Granite has made and will make substantial profits and gains to which it is not in law or equity entitled.

9

53.    Upon information and belief, All Granite intends to continue its infringing acts, and will continue to willfully unfairly compete with Artisan, unless restrained by this Court.

54.    All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### Common Law Unjust Enrichment

55.    Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 54 hereof.

56.    Upon information and belief, All Granite has been and will continue to be unjustly enriched as a result of its unauthorized use of the Artisan Marks, as aforesaid, and its installing substitute sinks with confusingly similar marks, thereby depriving Artisan of revenues it rightfully should receive by virtue of the use of the Artisan Marks.

57.    Upon information and belief, by its acts, All Granite has made and will make substantial profits and gains to which it is not in law or equity entitled.

58.    Upon information and belief, All Granite intends to continue its infringing acts, and will continue to willfully unjustly enrich itself, unless restrained by this Court.

59.    All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF
### Deceptive Acts and Practices in Violation of New York General Business Law § 349

60.    Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 59 hereof.

61.    All Granite's aforesaid "bait and switch" scheme deceives consumers, including consumers who reside in New York, by luring them into purchasing All Granite's products under the premise that they will receive an ARTISAN brand sink, but then substituting sinks of inferior

quality upon installation. All Granite's said conduct constitutes deceptive acts and practices in violation of Section 349 of the New York General Business Law, and have caused public harm.

62.    Upon information and belief, by its acts, All Granite has made and will make substantial profits and gains to which it is not in law or equity entitled.

63.    Upon information and belief, All Granite intends to continue its deceptive acts and practices, and will continue to willfully deceive consumers, unless restrained by this Court.

64.    All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

### NINTH CLAIM FOR RELIEF
#### False Advertising in Violation of New York General Business Law § 350

65.    Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 64 hereof.

66.    All Granite falsely represents to consumers that they will receive an ARTISAN brand sink with purchase of All Granite's kitchen installation services. All Granite's aforesaid conduct therefore constitutes false and/or materially misleading advertising in violation of Section 350 of the New York General Business Law.

67.    Upon information and belief, by its acts, All Granite has made and will make substantial profits and gains to which it is not in law or equity entitled.

68.    Upon information and belief, All Granite intends to continue its deceptive acts, and will continue to willfully falsely advertise, unless restrained by this Court.

69.    All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF
### Trademark Dilution in Violation of New York General Business Law §§ 360-l *et seq.*

70.     Artisan hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 69 hereof.

71.     Artisan is the owner of the Artisan Marks. By virtue of Artisan's prominent use of the Artisan Marks, they have become and continue to be distinctive.

72.     All Granite is liable for dilution of the Artisan Marks under Section 360-l, *et seq.*, of the New York General Business Law. All Granite's use of the Artisan Marks, in conjunction with inferior sinks dilutes the distinctive quality of the Artisan Marks and lessens the capacity of such trademarks to identify and distinguish Artisan's goods and services. All Granite's unlawful use of the Artisan Marks is likely to tarnish said marks in the minds of consumers, thereby lessening the value of the Artisan Marks as unique identifiers of Artisan and its high quality products bearing such marks.

73.     Upon information and belief, by its acts, All Granite has made and will make substantial profits and gains to which it is not in law or equity entitled.

74.     Upon information and belief, All Granite intends to continue its infringing acts, and will continue to willfully dilute the Artisan Marks, unless restrained by this Court.

75.     All Granite's acts have caused, and will continue to cause, irreparable injury to Artisan, and Artisan has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Artisan demands that judgment be entered granting the following relief:

1.     Finding that All Granite has engaged in counterfeiting and trademark infringement in violation of Section 32(1)(a) of the Lanham Act (15 U.S.C. § 1114(1)(a)); false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)); false advertising in violation of Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)); deceptive acts and practices in violation of New York General Business Law § 349; false advertising in violation of New York General Business Law § 350; trademark dilution in violation of New York General Business Law §§ 360–1 *et seq.*; trademark infringement in violation of New York common law; unfair competition in violation of New York common law; and has been unjustly enriched in violation of New York common law.

2.     Granting an injunction preliminarily and then permanently enjoining and restraining All Granite, and its officers, agents, servants, employees, attorneys, successors or assigns, and all persons acting in concert or participation with it or them, from:

a.     Using any reproduction, counterfeit, copy or colorable imitation of the Artisan Marks, on or in connection with the sale of any goods not made and/or authorized by Artisan;

b.     Displaying any ARTISAN brand sinks and any promotional materials therefor in All Granite's showrooms;

c.     Manufacturing, importing, advertising any products bearing marks confusingly similar to the Artisan Marks;

d.     Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Artisan's business reputation or dilute the distinctive quality of the Artisan Marks;

13

        e.      Using a false description or representation including words or other symbols tending falsely to advertise, describe or represent All Granite's unauthorized goods as being those of Artisan or sponsored by or associated with Artisan and from offering such goods in commerce;

        f.      Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or any individual members thereof, to believe that any products manufacturer, distributed or sold by All Granite are in any manner associated or connected with Artisan, or are sold, manufactured, licensed, sponsored, approved or authorized by Artisan; and

        g.      Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the manufacture, importation, advertising, offer for sale, sale or distribution of the unauthorized products bearing marks confusingly similar to the Artisan Marks.

      3.      Directing All Granite to account to Artisan for its profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117, and entering judgment for three times such profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117(b) and 15 U.S.C. § 1116(d); or, alternatively, that Artisan be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $1,000,000 for the trademark that All Granite has counterfeited and infringed; and awarding profits, damages and fees, to the full extent available, pursuant to sections 349, 350 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

      4.      Requiring All Granite to deliver up to Artisan for destruction or other disposition all remaining inventory, products, labels, advertisements and/or promotional materials bearing

the Artisan Marks, or any marks confusingly similar thereto and all means of making the same pursuant to 15 U.S.C. § 1118.

5.     Requiring All Granite to notify to each customer who received a substitute sink, that the sink installed was not a genuine ARTISAN brand sink, and to pay for any reinstallation, including, without limitation, the cost of a genuine ARTISAN brand sink, as well as the parts and accessories to be used in conjunction therewith, to be performed by Artisan or its designee, that any such customer may request.

6.     Requiring All Granite to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of Sections 32(1)(a) and 43(a) of the Lanham Act, Sections 349, 350 and 360–1, *et seq.*, of the New York General Business Law, and the common law of trademark infringement and unfair competition, and to ameliorate the false and deceptive impressions produced by such violations.

7.     Directing such other relief as the Court may deem appropriate to protect the trade and public from any erroneous impression that the products manufactured, sold or otherwise circulated by All Granite were authorized by Artisan or related in any way to Artisan or its products.

8.     Awarding Artisan its reasonable attorney's fees and investigatory fees and expenses, taxable costs and disbursements of this action, pursuant to 15 U.S.C. § 1117, in view of All Granite's willful infringement.

9.     Awarding Artisan pre-judgment interest on any monetary award made part of the judgment against All Granite.

10.    For such other and further relief as the Court shall deem appropriate.


Dated: New York, New York
       December 14, 2007                    ARNOLD & PORTER LLP


                                    By:    _Louis S. Ederer_
                                           Louis S. Ederer (LE-7574)
                                           Eleanor Lackman (EL-3668)
                                           399 Park Avenue
                                           New York, New York 10022
                                           Telephone:  (212) 715-1000
                                           Facsimile:   (212) 715-1399
                                           Email:  louis.ederer@aporter.com

                                           *Counsel for Plaintiff*
                                           *Artisan Manufacturing Corporation*