FEB 0 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ~~2/5/08~~
DATE FILED: 2/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

ARTISAN MANUFACTURING CORPORATION,

    Plaintiff,

- against -

ALL GRANITE & MARBLE CORPORATION,

    Defendant.

-------------------------------------------------------- x

Civil Action No.:
07 cv 11278 (WHP)

    **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties to this action that:

    1.    This Stipulation governs the treatment of documents, oral testimony and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded, computerized, electronic or graphic matter (collectively "Discovery Material") produced by, obtained from, served by, or filed by any party or non-party (the "Producing Person") in this action that is designated confidential by the Producing Person in accordance with the procedures set forth below.

    2.    Any Producing Person or party receiving Discovery Material may designate as "Confidential" any Discovery Material produced, given, exchanged, served or filed during the course of this action if the Producing Person in good faith believes that such material contains information that is non-public, proprietary, or sensitive from a commercial or financial point of view. All materials designated "Confidential" and the information contained or reflected therein or derived therefrom shall be referred to in this Stipulation as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of the Stipulation.

3. Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeals therefrom, and may not be used for any other purpose, including, but not limited to, commercial purposes.

4. Copies or originals of Confidential Discovery Material which are delivered to a party to this action or otherwise leave the possession of the Producing Person shall be designated by marking or stamping them "Confidential." With respect to multi-page documents which contain "Confidential" information, the designation may be made by marking only the first page thereof "Confidential" so long as such multi-page documents are securely bound.

5. Confidential Discovery Material or information derived therefrom may only be disclosed or made available to the following persons under the following terms and conditions:

(a) the parties and their counsel, officers, directors, partners, employees or former employees of the parties assisting in the prosecution or defense of this action, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Stipulation;

(b) outside experts or consultants retained in good faith to assist counsel in this action, provided that any such experts or consultants execute the undertaking attached hereto as Exhibit A prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure to the expert or consultant, so that it may be shown to counsel for the Producing Person upon request;

(c) the Court, pursuant to Paragraph 11 of this Stipulation;

(d) employees of outside copy services used to make copies of Confidential Material;

(e)  fact witnesses who are expected to testify in this action, but only to the extent disclosure occurs in preparation for and/or during such testimony, provided that counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Stipulation; and

(f)  court reporters who record testimony taken in the course of this action.

6.  In addition to the foregoing, counsel may designate as "Confidential - Attorneys Only" such material that it has reason to believe is non-public and extremely sensitive from a commercial or financial point of view, which, if disclosed to persons other than counsel for the respective parties hereto, can adversely effect the way it conducts its business. All materials designated "Confidential - Attorneys Only" and the information contained or reflected therein or derived therefrom shall be referred to in this Stipulation as "Confidential - Attorneys Only Material" and shall be handled in strict accordance with the terms of the Stipulation.

7.  Confidential - Attorneys Only Material or information derived therefrom may only be disclosed or made available to the following persons under the following terms and conditions:

(a)  the outside counsel of record for the respective parties to this actions in order to prosecute and/or defend this action or any appeals therefrom, and may not be used for any other purpose, including, but not limited to, commercial purposes;

(b)  outside experts or consultants retained in good faith to assist counsel in this action;

(c)  the Court, pursuant to Paragraph 11 of this Stipulation;

(d)  employees of outside copy services used to make copies of Confidential Material;

(e) fact witnesses who are expected to testify in this action, but only to the extent disclosure occurs in preparation for and/or during such testimony, provided that counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Stipulation; and

(f) court reporters who record testimony taken in the course of this action.

Prior to providing Confidential – Attorneys Only Material to any person covered by sub-paragraph 7(b), the party seeking to retain such person shall first provide to the other party a signed undertaking and the resume or curriculum vitae of that person. The other party shall have five (5) business days from receipt of the signed undertaking and the resume or curriculum vitae to object to the proposed person. Such objection must be made for good cause and be in writing stating with particularity the reasons for objection. Failure to object within five (5) business days shall constitute approval. If the parties are unable to resolve any objections, the parties may apply to the Court to resolve the matter.

8. Counsel who files documents with the court that contain Confidential - Attorneys Only Material must first obtain leave of court as set forth in Paragraph 11 herein, and must insure that the relevant businesspeople and employees are not shown such documents, and that the substance thereof is not communicated to them in any way.

9. Any information that is disclosed by oral testimony (e.g., at a deposition, hearing, or trial) shall be designated as Confidential Material or Confidential - Attorneys Only Material by making an appropriate statement at the time of the testimony, or by so designating in writing within ten (10) days after receipt of the deposition transcript by the Producing Party. Any pages of a transcript containing information that has been designated as Confidential Material or

Confidential - Attorneys Only Material shall be stamped or marked "Confidential" or "Confidential - Attorneys Only".

10. In the event additional persons become parties to this action, neither they, their outside counsel, nor experts or consultants retained to assist said counsel shall be afforded access to Confidential Discovery Material produced by or obtained from any Producing Person until said parties have executed and filed with the Court a copy of this Stipulation.

11. In the event that counsel for any party or non-party determines to file with the Court any pleadings, motions, briefs or other papers which contain or disclose Confidential Discovery Material or Confidential - Attorneys Only Material, leave of court must be requested in accordance with the Individual Rules of Practice of Judge William H. Pauley III. If leave is obtained, then such papers shall be filed under seal or submitted to the Court in accordance with Judge Pauley's Individual Rules, and a statement substantially in the following form shall be endorsed on the cover:

"CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER"

All such materials filed with the Court shall be returned to the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after the final disposition of the appeal.

12. This Stipulation has no effect upon, and its scope shall not extend to, any Producing Person's use of its own Confidential Discovery Material or Confidential - Attorneys Only Material.

13. Any party receiving Confidential Discovery Material or Confidential - Attorneys Only Material shall have the right at any time to challenge its designation by seeking an order of the Court with respect to any information, document or thing designated as Confidential

Discovery Material or Confidential - Attorneys Only Material. On any such application, the burden of proof shall be on the Producing Person and shall not be affected by the Stipulation. All parties receiving such materials or information shall abide by the designation during the pendency of such motion. The parties agree that, before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve among themselves any dispute concerning the confidential treatment of any such material.

14. This Stipulation or the existence of such shall not be offered or admitted into evidence at the hearing and/or trial or argued to the Court. This Stipulation shall have no effect on the admissibility or discoverability of any document, information or thing.

15. This Order shall survive the final termination of this action with respect to any Confidential Discovery Material or Confidential - Attorneys Only Material, and the Court shall retain jurisdiction over the parties for enforcement of its provisions. Within thirty (30) days after the final termination of this litigation, including all appeals, at the election of the Producing Person, the originals and all copies thereof of Confidential Discovery Material or Confidential - Attorneys Only Material shall either (i) be destroyed with certification of such destruction provided to counsel for the Producing Person; or (ii) returned to counsel for the Producing Person. Notwithstanding the foregoing, outside counsel shall be entitled to retain one copy of all pleadings, filings, depositions, and discovery responses, as well as exhibits thereto provided that such documents will be held for internal use only and shall be handled in accordance with the continuing obligations imposed by this Order.

16. Any party to this action that is served with a subpoena, discovery request, court order or other notice by a non-party in another proceeding requesting or compelling the production of any Confidential Discovery Material or Confidential - Attorneys Only Material

(collectively, "Disclosure Obligation") shall give counsel for the Producing Person, or the Receiving Party that has designated Discovery Material "Confidential", written notice by telecopy and overnight mail at least ten (10) business days prior to disclosing any such Confidential Discovery Material, or within an appropriately shorter period if such Disclosure Obligation necessitates disclosure prior to the passage of ten (10) business days. The written notice shall contain copies of any subpoena or other legal document which the party believes requires the disclosure. A party providing such notice shall (i) provide a reasonable opportunity for all other parties to seek a protective order and (ii) if application for a protective order is made promptly and before the return date, shall not produce such Confidential Discovery Material or Confidential - Attorneys Only Material prior to receiving a court order or the consent of the party seeking the protective order. In the event that production of such Confidential Discovery Material is made notwithstanding such prompt application for a protective order, it shall continue to be treated as Confidential Discovery Material by all persons subject to this Stipulation unless and until the Court shall otherwise direct.

17. Nothing in this Stipulation shall be construed as prejudicing any Producing Person's right to seek an agreement or order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this action. However, until such agreement or order is obtained, this Stipulation shall constitute the entire agreement of the parties with respect to the matters covered herein.

18. This Stipulation may be executed in any number of counterparts and signature and delivery by facsimile shall have the same force and effect as originals.

19. This Stipulation shall be governed by the laws of New York.

Dated: February 1, 2008

ARNOLD & PORTER LLP

By: *(signature)*
Louis S. Ederer (LE-7574)
Eleanor M. Lackman (EL-3668)
John Maltbie (JM-3658)
399 Park Avenue
New York, New York 10022

*Attorneys for Plaintiff Artisan Manufacturing Corporation*

Dated: February 1, 2008

HOFFMAN & BARON LLP

By: *(signature)*
R. Glenn Schroeder (RGS-2633)
Jon A. Chiodo (JC-1215)
6900 Jericho Turnpike
Syosset, New York 11791-4407

*Attorneys for Defendant All Granite & Marble Corporation*

Dated: February 4, 2008

SO ORDERED:

*(signature)*
Hon. William H. Pauley III, U.S.D.J.

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

ARTISAN MANUFACTURING CORPORATION,   :   Civil Action No.:
                                     :   07 cv 11278 (WHP)
            Plaintiff,

    - against -

ALL GRANITE & MARBLE CORPORATION,

            Defendant.

---------------------------------------------------------------- x

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order Governing Confidential Material (the "Stipulation and Order") that was issued by the United States District Court for the Southern District of New York on _____ [date] in above captioned case. I agree to comply with and to be bound by all the terms of this Stipulation and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Order to any person or entity except in strict compliance with the provisions of this Stipulation and Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulation and Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____