**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                        :

ARTISAN MANUFACTURING CORPORATION,  :    Civil Action No.:
                        :    07 cv 11278 (WHP)
        Plaintiff,         :

      - against -        :

ALL GRANITE & MARBLE CORPORATION.,   :

       Defendant.       :

                        :
-------------------------------------------------------------- x

## DECLARATION OF LOUIS S. EDERER IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER AND ORDER FOR EXPEDITED DISCOVERY

LOUIS S. EDERER, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct to the best of his knowledge:

      1.     I am a member of the firm of Arnold & Porter LLP, attorneys for Plaintiff Artisan Manufacturing Corporation ("Artisan") in the above entitled action. I make this declaration in support of Artisan's motion for a preliminary injunction, temporary restraining order, and order for expedited discovery against Defendant All Granite & Marble Corporation ("All Granite").

      2.     As set forth in the accompanying declarations of Alex Han, Marketing Director and Founder of Artisan, Joseph Amabile, Regional Sales Manager of Artisan, Allison Davies, investigator with Abacus Security, and Celia Muller, a paralegal with Arnold & Porter LLP, Artisan has recently learned that All Granite, formerly an authorized dealer of ARTISAN brand products, has been promoting and offering to potential customers, in connection with its countertop installation services, genuine ARTISAN brand sinks, but ultimately installs inferior sinks of unknown origin that bear a design mark that is confusingly similar to Artisan's FLEUR-DE-LIS Design trademark. In other words, All Granite is engaging in a "bait and switch"

1

scheme, whereby consumers are enticed into purchasing All Granite's countertops and countertop installation services with the promise that a genuine ARTISAN brand sink (one of which is displayed in its showroom) will be included as part of the installation. Upon such installation, however, All Granite does not install a genuine ARTISAN brand sink (indeed, All Granite is not currently an authorized dealer of ARTISAN brand sinks), but rather installs a sink of inferior quality that bears a design mark that is intended to mimic the design mark featured on genuine ARTISAN brand sinks.

3.      On December 14, 2007, after being alerted by All Granite's customers of All Granite's activities and confirming such actions through the investigation of Abacus Security, Artisan informed All Granite that is had learned of All Granite's infringing activity and demanded that All Granite immediately:

(a)      cease and desist from all further use of the ARTISAN Trademarks;

(b)      remove all genuine ARTISAN brand sinks and any promotional materials therefor from All Granite's showrooms;

(c)      cease and desist from any further manufacturing, importation, advertising, offering for sale, sale or distribution of any products bearing marks confusingly similar to the ARTISAN Trademarks;

(d)      provide an accounting, with supporting documentation, for all sales or installations of sinks bearing marks confusingly similar to the ARTISAN Trademarks, including revenues earned from installations involving such sinks;

(e)      retain all sinks and other products bearing marks confusingly similar to the ARTISAN Trademarks remaining in its inventory, and segregate all such inventory so that it can be inspected by Artisan;

(f)    provide a list, including contact information, of each customer who purchased the infringing sinks from All Granite, either alone or as part of an installation; and

(g)    provide the name and contact information for all persons or companies who have supplied the infringing sinks to All Granite, as well as copies of all purchase orders, shipping documents, invoices and correspondence exchanged with any such parties.

A copy of the December 14, 2007 cease and desist letter to All Granite is attached hereto as Exhibit A.

4.    In response to the December 14, 2007 letter, All Granite gave no indication that it would accede to any of Artisan's demands.  Rather, in a letter dated December 20, 2007, counsel for All Granite, Ludomir A. Budzyn, Esq. of Hoffmann & Baron, LLP, refused to meet any of Artisan's demands.  Instead, All Granite's counsel denied any wrongdoing and specifically denied that an ARTISAN brand sink was on display in All Granite's showroom.  A copy of Mr. Budzyn's December 20, 2007 letter is attached hereto as Exhibit B.

## RELIEF REQUESTED BY ARTISAN

5.    As All Granite has shown no inclination to cooperate with Artisan, Artisan has "good and sufficient reasons" for proceeding by order to show cause, upon notice to All Granite, to seek a preliminary injunction and order of recall, temporary restraining order and order for expedited discovery.  In light of the notice requirements of Local Rule 6.1(b) (allowing ten business days for service of responsive affidavits and memoranda, and an additional five business days for service of reply affidavits and memoranda), this matter could not be heard, on motion, for weeks.  Together with the thirty days allowed for responses to requests for the production of documents under Rule 34(b) of the Federal Rules of Civil Procedure, All Granite would not have cease its infringing conduct or to disclose the scope of its activities for nearly

3

two months or more. An order to show cause is the only means by which Artisan may avoid the possibility of such a lengthy delay.

6.     In addition, as confirmed in the accompanying declaration of Celia Muller, All Granite continues to display an ARTISAN brand sink on its showroom floor. Accordingly, it is clear that All Granite, despite notice from Artisan, has continued to engage in unlawful conduct in violation of Artisan's rights and will continue to do so unless enjoined by this Court.

7.     Accordingly, Artisan requests the following relief:

(a)     An order preliminarily enjoining All Granite and its respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

(i)     imitating, copying or making unauthorized use of the ARTISAN or the ARTISAN FLEUR DE LIS Design mark (the "ARTISAN Trademarks");

(ii)     importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks;

(iii)     using any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks, in connection with the promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product or service, in such manner as to relate or connect, or tend to relate or connect such product in any way with Artisan, or to any goods sold, sponsored, approved by, or connected with Artisan;

(iv)     using any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks in connection with the promotion, advertisement,

4

display, sale, offering for sale, production, import, export, circulation or distribution of any product, which serves to dilute, or tends to dilute, Artisan's image, trade name or reputation or the distinctive quality of the ARTISAN Trademarks;

(v)    making any false designation of origin or false or misleading statement or representation of fact whatsoever with respect to any goods or services promoted, advertised, displayed, sold, offered for sale, produced, imported, exported, circulated or distributed by All Granite that is likely to cause confusion, mistake or deception by suggesting in any way that All Granite is affiliated, connected or associated with Artisan, or that All Granite's goods or services originate with, or are sponsored or approved by, Artisan;

(vi)    engaging in any other activity constituting unfair competition with Artisan, or constituting infringement of the ARTISAN Trademarks;

(vii)    transferring, consigning, selling, shipping or other moving any goods, packaging or other materials in All Granite's possession, custody or control bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks;

(viii)    disposing of, destroying, altering, moving, removing, concealing, tampering with ir in any manner secreting any business records (including computer records) if any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks;

(ix)    directly or indirectly informing All Granite's source(s) for any merchandise bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks of this action or any of Artisan's claims herein, and

5

(x)      instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ix) above.

(b)      An order temporarily restraining All Granite, its subsidiaries, affiliates, divisions, agents, servants, employees and representatives, and all those in active concert with it, until the hearing of the motion for a preliminary injunction, from

(i)      imitating, copying or making unauthorized use of the ARTISAN Trademarks;

(ii)      importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks;

(iii)      using any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks, in connection with the promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product or service, in such manner as to relate or connect, or tend to relate or connect such product in any way with Artisan, or to any goods sold, sponsored, approved by, or connected with Artisan;

(iv)      making any false designation of origin or false or misleading statement or representation of fact whatsoever with respect to any goods or services promoted, advertised, displayed, sold, offered for sale, produced, imported, exported, circulated or distributed by All Granite that is likely to cause confusion, mistake or deception by suggesting in any way that All Granite is affiliated, connected or associated with Artisan, or that All Granite's goods or services originate with, or are sponsored or approved by, Artisan;

6

(v) disposing of, destroying, altering, moving, removing, concealing, tampering with ir in any manner secreting any business records (including computer records) if any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks; and

(vi) directly or indirectly informing All Granite's source(s) for any merchandise bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the ARTISAN Trademarks of this action or any of Artisan's claims herein.

(c) An order directing All Granite, its subsidiaries, affiliates, divisions, agents, servants, employees and representatives, and all those in active concert with them, no later than seven (7) days prior to the scheduled hearing:

(i) to produce to Artisan all documents responsive to the document requests set forth Artisan's First Request for the Production of Documents attached hereto as Exhibit C;

(ii) to produce for deposition the All Granite salespeople working in All Granite's South Plainfield showroom, Peter Bucko and Chris [last name unknown], involved in the sale of the countertop installation described in the accompanying declarations of Allison Davies and Joseph Amabile; and

(iii) produce for deposition the witness(es) most knowledgeable concerning the topics set forth in the Notice of Deposition attached hereto as Exhibit D.

8. On the afternoon of January 9, 2008, I informed Mr. Budzyn, All Granite's counsel, that Artisan intended to present the instant motion by Order to Show Cause.

Subsequently, during the evening on January 9, 2008, my office emailed a full set of the motion papers to the email address provided by Mr. Budzyn for this purpose and further informed Mr. Budzyn that Artisan intended to present the Order to Show Cause to the Judgments and Orders Clerk of the U.S. District Court for the Southern District of New York at approximately 3:00 pm on Thursday, January 10, 2008.

       9.     No prior application has been made for the relief requested herein.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED ON JANUARY 9, 2008.

LOUIS S. EDERER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

ARTISAN MANUFACTURING CORPORATION,  :          Civil Action No.:
                                                              07 cv 11278 (WHP)
                    Plaintiff,        :

            - against -               :

ALL GRANITE & MARBLE CORPORATION.,    :

                    Defendant.        :

------------------------------------------------------------ x


**EXHIBIT A**

# ARNOLD & PORTER LLP

**Louis S. Ederer**
Louis.Ederer@aporter.com

212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

December 14, 2007

**FEDERAL EXPRESS**
Mr. Jaroslaw Wojtach
All Granite & Marble Corp.
1-a Mount Vernon Street
Ridgefield Park, New Jersey 07660

Re:     Artisan Manufacturing Corp. v. All Granite & Marble Corp.

Dear Mr. Wojtach:

We represent Artisan Manufacturing Corporation ("Artisan"), manufacturer of stainless steel sinks and accessories manufactured and distributed under the ARTISAN (U.S. Trademark Reg. No. 2,964,024) and Fleur-De-Lis Design (U.S. Trademark App. Ser. No. 77/316,683) trademarks (collectively the "Artisan Marks"). Since 2003, Artisan has manufactured, marketed and sold its products under the Artisan Marks, and has built substantial goodwill in these marks and an enviable reputation for selling the highest quality sink products and accessories.

Our client has recently learned that your company, formerly an authorized distributor of ARTISAN brand products, has been promoting and offering to potential customers genuine ARTISAN sinks, but is actually installing inferior sinks of unknown origin that bear a logo confusingly similar to Artisan's Fleur-De-Lis Design Mark. Such conduct on your part is a deliberate effort to deceive consumers and take advantage of the goodwill symbolized by the Artisan Marks and Artisan's products. Moreover, such conduct constitutes counterfeiting, trademark infringement and false advertising under federal and state law, and is causing Artisan irreparable harm.

Accordingly, our client has filed the enclosed complaint in United States District Court for the Southern District of New York against your company, and is seeking preliminary and permanent injunctive relief against your continued misuse of ARTISAN brand products and the Artisan Marks. In addition to injunctive and other equitable relief, the complaint seeks an award of three times your company's profits, or Artisan's lost profits, on your sale of these counterfeit products, and any other goods and services you are selling in conjunction therewith and $1 million in statutory damages, plus attorney's fees.

If you wish to avoid litigation over this matter, our client demands that you immediately agree to do the following:

(i)     Cease and desist from all further use of the Artisan Marks;

# ARNOLD & PORTER LLP

Mr. Jaroslaw Wojtach
December 14, 2007
Page 2

(ii)    Remove all genuine ARTISAN brand sinks and any promotional materials therefor from your showrooms;

(iii)    Cease and desist from any further manufacturing, importation, advertising, offering for sale, sale or distribution of any products bearing marks confusingly similar to the Artisan Marks;

(iv)    Provide an accounting, with supporting documentation, for all sales or installations of sinks bearing marks confusingly similar to the Artisan Marks, including revenues earned from installations involving such sinks;

(v)    Retain all sinks and other products bearing marks confusingly similar to the Artisan Marks remaining in your inventory, and segregate all such inventory so that it can be inspected by Artisan;

(vi)    Provide a list, including contact information, of each customer who purchased the infringing sinks from your company, either alone or as part of an installation; and

(viii)    Provide the name and contact information for all persons or companies who have supplied the infringing sinks to your company, as well as copies of all purchase orders, shipping documents, invoices and correspondence exchanged with any such parties.

We require your written response confirming that you will comply with the foregoing demands by December 20, 2007.  If we do not receive such assurances, our client will proceed to serve the complaint and take all measures necessary to protect its valuable trademark rights, including a motion for preliminary injunctive and other equitable relief.  All rights and remedies that may be available to Artisan are hereby expressly reserved.  Please direct any response to this letter to the undersigned.

Yours very truly,

ARNOLD & PORTER LLP

By:    *Louis S. Ederer*

Louis S. Ederer

cc:    Artisan Manufacturing Corporation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                                                              :
ARTISAN MANUFACTURING CORPORATION,   :     Civil Action No.:
                                                              :     07 cv 11278 (WHP)
                       Plaintiff,                             :
                                                              :
              - against -                                     :
                                                              :
ALL GRANITE & MARBLE CORPORATION.,         :
                                                              :
                       Defendant.                             :
                                                              :
------------------------------------------------------------- x


**EXHIBIT B**

# HOFFMANN & BARON, LLP

ATTORNEYS AT LAW

6 CAMPUS DRIVE

PARSIPPANY, NEW JERSEY 07054-4406

(973) 331-1700

FACSIMILE (973) 331-1717

www.hoffmannbaron.com

CHARLES R. HOFFMANN*
RONALD J. BARON*
DANIEL A. SCOLA, JR.
SALVATORE J. ABBRUZZESE
ALAN M. SACK

IRVING N. FEIT*
R. GLENN SCHROEDER*
GLENN T. HENNEBERGER*
ANTHONY E. BENNETT
LUDOMIR A. BUDZYN

STEVEN T. ZUSCHLAG†*

JOHN S. SOPKO†

SUSAN A. SIPOS*
KEVIN E. MCDERMOTT*
RODERICK S.W. TURNER*
ANNA-LISA L. GALLO
JAMES F. HARRINGTON*
JAMIE M. LARMANN
ANDREA M. WILKOVICH
BARTHOLOMEW J. DIVITA*
TONY A. GAYOSO*

D.W. DARREN KANG
NICHOLE E. MARTIAK
LAUREN T. EMR*
LINDA D. CHIN*
JON A. CHIODO
ELLEN N. HOLLCROFT*
ANNA C. CHAU*
ANGELA N. COXE

PATENT AGENTS
ANDREW H. BERKS, Ph.D.

NEW YORK OFFICE
6900 JERICHO TURNPIKE
SYOSSET, N.Y. 11791-4407
(516) 822-3550
FAX (516) 822-3582

COUNSEL
GORDON F. BELCHER*

SCIENTIFIC ADVISOR
DANIEL A. SCOLA, SR., Ph.D.

* NOT ADMITTED IN NJ
† SENIOR ATTORNEY

December 20, 2007

<u>VIA FACSIMILE</u>

Louis S. Ederer
Arnold & Porter, LLP
399 Park Avenue
New York, NY 10022-4690

**Re:    Artisan Manufacturing Corp. v. All Granite & Marble Corp.**

Dear Mr. Ederer:

We represent All Granite & Marble Corporation ("AGM"), a manufacturer, distributor and installer of countertops. We are in receipt of your letter and attached Complaint dated December 14, 2007, and sent on behalf of your client, Artisan Manufacturing Corporation ("Artisan").

At the forefront, we wish to note that the only time AGM has ever commercially handled Artisan sinks was over a period of four months in early 2006, and only after it had rightfully purchased a limited quantity of sinks directly from Artisan. AGM never entered into any formal distributorship agreement or any other relationship with Artisan. In addition, AGM has never sold Artisan sinks; rather the few Artisan sinks which AGM purchased were given to customers as part of a promotion.

Since mid-2006, AGM has not promoted, sold, or distributed any Artisan products, nor has AGM displayed any Artisan products in its showroom. AGM has no Artisan advertising material or brochures, and does not distribute any products bearing the name "ARTISAN" or bearing any other marks alleged to be owned by Artisan, including the "Fleur-De-Lis" design referenced in your letter.

AGM does not, nor has it ever installed "inferior" sinks of an "unknown origin." AGM manufactures two lines of sinks, a porcelain sink line and a stainless steel sink line. The porcelain sink line is promoted under the brand "Di Monte", while the stainless steel sink line is unbranded. AGM does not sell these sinks, rather, these sinks are provided under promotion to

DEC. 20. 2007  2:04PM                                        NO. 3764   P. 3

Louis S. Ederer
December 20, 2007
Page 2

customers who purchase countertops from AGM. Both lines are high-quality sinks and bear the
present crown logo as depicted in Exhibit C to the Complaint attached to your letter. AGM's
present crown logo is not confusingly similar to the "Fleur-De-Lis" design for which your client
has filed Trademark Application No. 77316683.

     While we disagree with your assertions of (1) Artisan's ownership of a valid trademark,
and (2) any wrongdoing on the part of AGM, in an effort to avoid litigation, AGM is willing to
cease use of its present crown logo on its sink products.

     In order to effectively discontinue use of the present crown logo, AGM will require a
reasonable phase-out period. The phase-out period will allow AGM to not only disseminate any
existing sinks bearing the present crown logo, but also to develop and implement a new logo for
AGM's sinks. In order to accomplish these changes, we request a phase-out period of
approximately six months. Thus, as of July 1, 2008, AGM will cease using the present crown
logo referred to in your letter and depicted in the Complaint.

     We trust that this resolves all issues raised in your letter, and eliminates the need to
formally serve the attached Complaint. Should you wish to discuss this matter further, please
feel free to contact me.

                                        Very truly yours,

                                        Ludomir A. Budzyn

LAB/
cc:    All Granite & Marble Corp.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                                    :

ARTISAN MANUFACTURING CORPORATION,  :   Civil Action No.:
                                  :   07 cv 11278 (WHP)
            Plaintiff,           :

        - against -          :

ALL GRANITE & MARBLE CORPORATION.,  :

           Defendant.        :
                                      :
-------------------------------------------------------------- x


**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                                 :

ARTISAN MANUFACTURING CORPORATION,  :    Civil Action No.:
                                :    07 cv 11278 (WHP)
           Plaintiff,             :

        - against -          :

ALL GRANITE & MARBLE CORPORATION,  :

          Defendant.        :

                                :
------------------------------------------------------------- x

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND**
**THINGS TO DEFENDANT ALL GRANITE & MARBLE CORPORATION**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Artisan

Manufacturing Corporation ("Artisan") hereby request that defendant All Granite & Marble

Corporation ("All Granite") produce for inspection and copying, at the offices of Arnold &

Porter LLP, 399 Park Avenue, 34th Floor, New York, New York 10022, no later than seven (7)

days prior to the scheduled hearing of Artisan's motion for preliminary injunction, the

documents and things hereinafter requested.  These requests are continuing in nature and impose

upon All Granite the obligations stated in Rule 26(e) of the Federal Rules of Civil Procedure.

The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Rules of

the United States District Courts for the Southern and Eastern Districts of New York are

incorporated herein by reference.

## DEFINITIONS AND INSTRUCTIONS

      1.    "Artisan" shall refer to plaintiff Artisan Manufacturing Corporation and all of its

predecessors and successors in interest, affiliates, parents, subsidiaries, agents, representatives,

departments, divisions or subsidiaries of any of the foregoing, whether in the past or present, and

all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on their behalf or under its control.

2.      "All Granite" shall refer to defendant All Granite & Marble Corporation and all of its predecessors and successors in interest, distributors, affiliates, parents, subsidiaries, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

3.      "Artisan Trademarks" shall refer to the trademarks ARTISAN and the FLEUR-DE-LIS design mark described in ¶¶ 6-7 of the Complaint filed in this action.

4.      "All Granite's Fleur-de-Lis Mark" shall refer to the design mark described in ¶ 12, and depicted in Exhibit C, of the Complaint filed in this action.

5.      All grounds for any objection to a document request shall be stated with specificity.  Any ground not stated in an objection within the time period provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

6.      Any word written herein in the singular shall be construed as plural or vice versa when necessary to fulfill a document request.

7.      In the event that any document is to be withheld on the basis of a claim of privilege, that document is to be identified by providing a log listing the names of the addressor(s) and author(s) of the document and the company or other entity on whose behalf the document was prepared or signed; the recipient(s) of the document; any date that appears on the document; the type of document (e.g., letter, memorandum); a description of the subject matter of the document; and the nature of the applicable privilege.

8.    Each document request herein should be construed independently.  No request should be construed by reference to any other request for the purpose of limiting the scope of response to such request.

9.    Unless otherwise specified below, each document request herein is for the time period from January 1, 2003 to date.

## DOCUMENTS AND THINGS REQUESTED

1.    All documents concerning correspondence between Artisan and All Granite.

2.    All documents concerning All Granite's awareness of Artisan and the Artisan Trademarks, including, but not limited to, All Granite's first awareness of Artisan and the Artisan Trademarks.

3.    All documents concerning All Granite's sale, offer for sale, advertising and/or promotion of products bearing any of the Artisan Trademarks, including, but not limited to, documents concerning inventory of such products and revenues from sales of such products.

4.    All documents concerning All Granite's sale, offer for sale, advertising and/or promotion of products bearing the All Granite Fleur-de-Lis Mark, including, but not limited to, documents concerning inventory of such products and revenues from sales of such products.

5.    All documents consisting and/or concerning any use that All Granite is making of the Artisan Trademarks on the Internet, in printed materials, on television or radio, or in any other medium, including an original sample of each package, catalogue, brochure, advertisement or promotional material bearing any of the Artisan Trademarks.

6.    All documents consisting and/or concerning any use that All Granite is making of the All Granite Fleur-de-Lis Mark on the Internet, in printed materials, on television or radio, or

in any other medium, including an original sample of each package, catalogue, brochure, advertisement or promotional material bearing any of the All Granite Fleur-de-Lis Mark.

7.    Documents sufficient to identify the manufacturer and/or source of the sinks bearing the All Granite Fleur-de-Lis Mark.

8.    All documents concerning All Granite customers that received a sink as part of a "free sink" offer and/or a sink bearing the All Granite Fleur-de-Lis Mark.

9.    All documents concerning correspondence between All Granite and any consumers to whom All Granite sold, offered for sale, advertised and/or promoted as part of a "free sink" offer a sink under the "Artisan" name and/or bearing the Artisan Marks, including, but not limited to, all correspondence prior and subsequent to the installation of any such sink.

10.    All documents concerning correspondence between All Granite and any consumers to whom All Granite sold, offered for sale, advertised and/or promoted as part of a "free sink" offer a sink under the "Artisan" name and/or bearing the All Granite Fleur-de-Lis Mark, including, but not limited to, all correspondence prior and subsequent to the installation of any such sink.

11.    All documents concerning any communications that All Granite has had with any person concerning All Granite's possible affiliation or connection with Artisan.

Dated:    New York, New York          ARNOLD & PORTER LLP
          January __, 2008

                              By:    _____
                                     Louis S. Ederer (LE-7574)
                                     John Maltbie (JM-3658)
                                     Eleanor M. Lackman (EL-3668)
                                     399 Park Avenue
                                     New York, New York 10022
                                     (212) 715-1000

                                     *Attorneys for Plaintiff*
                                     *Artisan Manufacturing Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

ARTISAN MANUFACTURING CORPORATION, :

           Plaintiff, :

      - against - :

ALL GRANITE & MARBLE CORPORATION., :

          Defendant. :

------------------------------------------------------------- x

Civil Action No.:
07 cv 11278 (WHP)

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                                        :

ARTISAN MANUFACTURING CORPORATION,  :   Civil Action No.:
                                        :   07 cv 11278 (WHP)

            Plaintiff,           :

            - against -       :

ALL GRANITE & MARBLE CORPORATION.,  :

           Defendant.       :
                                          :
-------------------------------------------------------------- x

## <u>NOTICE OF DEPOSITION</u>

      PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, plaintiff Artisan Manufacturing Corporation ("Artisan") will take the deposition of

the designated representative(s) of All Granite & Marble Corporation ("All Granite") most

knowledgeable on the topics set forth in Schedule A. The deposition will take place at the law

offices of Arnold & Porter LLP, 399 Park Avenue, New York, New York 10022, no later than

seven (7) days prior to the scheduled hearing of Artisan's motion for preliminary injunction and

continuing from that time until completed. The deposition shall be taken upon oral examination

before a Notary Public or some other person authorized to administer oaths.

      Artisan requests that three (3) days before the deposition, All Granite provide it with a

written designation of the names and positions each person All Granite will designate to testify

as to any matter set forth in Schedule A. For each such person, All Granite shall designate the

particular matters on which each such person will testify.

You are invited to attend and cross-examine.

Dated:    New York, New York                    ARNOLD & PORTER LLP
          January __, 2008

                                        By: _____
                                             Louis S. Ederer (LE-7574)
                                             John Maltbie (JM-3658)
                                             Eleanor M. Lackman (EL-3668)
                                             399 Park Avenue
                                             New York, New York 10022
                                             (212) 715-1000

                                             *Attorneys for Plaintiff*
                                             *Artisan Manufacturing Corporation*

TO:    Ludomir A. Budzyn, Esq.
       Hoffman & Baron LLP
       6 Campus Drive
       Parsippany, New Jersey 07054

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      "Artisan" shall refer to plaintiff Artisan Manufacturing Corporation and all of its predecessors and successors in interest, affiliates, parents, subsidiaries, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on their behalf or under its control.

2.      "All Granite" shall refer to defendant All Granite & Marble Corporation and all of its predecessors and successors in interest, distributors, affiliates, parents, subsidiaries, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

3.      "Artisan Trademarks" shall refer to the trademarks ARTISAN and the FLEUR-DE-LIS design mark described in ¶¶ 6-7 of the Complaint filed in this action.

4.      "All Granite's Fleur-de-Lis Mark" shall refer to the design mark described in ¶ 12, and depicted in Exhibit C, of the Complaint filed in this action.

5.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

6.      In construing the definitions and topics for examination: (i) the singular shall include the plural and the plural shall include the singular; (ii) the conjunctions

"and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and (iii) the word "any" shall be read to mean each and every.

7.     The term "statement" shall refer to any oral or written representation made by any officer, employee or representative of All Granite, or any individual or organization authorized by All Granite to make such statements on its behalf.

## TOPICS FOR EXAMINATION

1.     All Granite's discussions and relationship with Artisan concerning authorized distribution of ARTISAN sink products.

2.     Statements that All Granite has made to consumers concerning its offer of a "free sink" with installation of countertops.

3.     Statements that All Granite has made to consumers concerning its sale, offer for sale, installation, advertisement and promotion of ARTISAN sink products or sinks bearing marks alleged in this action to be confusingly similar to the Artisan Trademarks.

4.     The order, purchase, sale and/or distribution of sinks bearing All Granite's Fleur-de-Lis Mark.

5.     The design, adoption and use of All Granite's Fleur-de-Lis Mark.

6.     The installation or other distribution of any sink products to consumers as a "free with purchase" item.

7.     The inventory of genuine ARTISAN sink products in All Granite's possession.

4

8.    Statements by consumers to All Granite concerning ARTISAN sink products or products that consumers have mistakenly believed to be ARTISAN sink products.

9.    The development, selection or creation of advertising or promotional materials offering a "free sink" with the installation of a kitchen countertop.

10.    The display of ARTISAN sink products in any All Granite showroom.

11.    The display in any All Granite showroom of sinks bearing All Granite's Fleur-de-Lis Mark.