UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
                                                       :
ARTISAN MANUFACTURING                                  :
CORPORATION,                                           :
                                                       :   07-cv-11278 (WHP)
          Plaintiff/Counterdefendant,                  :
                                                       :   ANSWER AND
     v.                                                :   COUNTERCLAIMS
                                                       :
ALL GRANITE & MARBLE                                   :
CORPORATION,                                           :
                                                       :   Filed Via ECF
          Defendant/Counterplaintiff                   :
                                                       :   JURY TRIAL REQUESTED
                                                       :
-------------------------------------------------------x
```

  Defendant All Granite & Marble Corporation (hereinafter "All Granite" or "Defendant") responds to the Complaint filed by Plaintiff, Artisan Manufacturing Corporation (hereinafter, "Artisan" or "Plaintiff"), upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### I.  ADMISSIONS AND DENIALS

1. Admitted.

2. Admitted.

3. All Granite admits that it transacts business in this judicial district, but denies that a substantial part of the events giving rise to Artisan's claims occurred within this judicial district.

4. All Granite is without sufficient knowledge to admit or deny the allegations of Paragraph 4 of the Complaint.

5. All Granite admits that it is a New Jersey corporation with its principal place of business at 1-A Mount Vernon Street, Ridgefield Park, New Jersey 07660. All Granite denies the remainder of Paragraph 5.

6. All Granite is without sufficient knowledge to admit or deny the allegations of Paragraph 6 of the Complaint.

7. All Granite is without sufficient knowledge to admit or deny the allegations of Paragraph 7 of the Complaint.

8. All Granite is without sufficient knowledge to admit or deny the allegations of Paragraph 8 of the Complaint related to Artisan's expenditures. All Granite denies the remainder of Paragraph 8.

9. All Granite admits the first sentence of Paragraph 9 of the Complaint. All Granite admits that sinks may be provided as a promotion with the sale of countertops, but denies that it sells sinks and sink accessories.

10. All Granite denies the allegations of Paragraph 10 of the Complaint.

11. All Granite admits that one Artisan brand sink was displayed in All Granite's South Plainfield retail store at the time of filing of the Complaint, but states that the sink has since been removed. All Granite denies the remainder of the allegations of Paragraph 11 of the Complaint.

12. All Granite denies the allegations of Paragraph 12 of the Complaint.

13. All Granite denies the allegations of Paragraph 13 of the Complaint.

14. All Granite denies the allegations of Paragraph 14 of the Complaint.

15. All Granite denies the allegations of Paragraph 15 of the Complaint.

16. All Granite denies the allegations of Paragraph 16 of the Complaint.

## FIRST CLAIM

17. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-16 hereof.

18. All Granite denies the allegations of Paragraph 18 of the Complaint.

19. All Granite denies the allegations of Paragraph 19 of the Complaint.

20. All Granite denies the allegations of Paragraph 20 of the Complaint.

21. All Granite denies the allegations of Paragraph 21 of the Complaint.

22. All Granite denies the allegations of Paragraph 22 of the Complaint.

23. All Granite denies the allegations of Paragraph 23 of the Complaint.

24. All Granite denies the allegations of Paragraph 24 of the Complaint.

## SECOND CLAIM

25. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-24 hereof.

26. All Granite admits the allegations of Paragraph 27 of the Complaint.

27. All Granite denies the allegations of Paragraph 27 of the Complaint.

28. All Granite denies the allegations of Paragraph 28 of the Complaint.

29. All Granite denies the allegations of Paragraph 29 of the Complaint.

30. All Granite denies the allegations of Paragraph 30 of the Complaint.

31. All Granite denies the allegations of Paragraph 31 of the Complaint.

## THIRD CLAIM

32. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-31 hereof.

33. All Granite denies the allegations of Paragraph 33 of the Complaint.

34. All Granite denies the allegations of Paragraph 34 of the Complaint.

35. All Granite denies the allegations of Paragraph 35 of the Complaint.

36. All Granite denies the allegations of Paragraph 36 of the Complaint.

37. All Granite denies the allegations of Paragraph 37 of the Complaint.

## FOURTH CLAIM

38. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-37 hereof.

39. All Granite denies the allegations of Paragraph 39 of the Complaint.

40. All Granite denies the allegations of Paragraph 40 of the Complaint.

41. All Granite denies the allegations of Paragraph 41 of the Complaint.

42. All Granite denies the allegations of Paragraph 42 of the Complaint.

43. All Granite denies the allegations of Paragraph 43 of the Complaint.

## FIFTH CLAIM

44. . All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-43 hereof.

45. All Granite denies the allegations of Paragraph 45 of the Complaint.

46. All Granite denies the allegations of Paragraph 46 of the Complaint.

47. All Granite denies the allegations of Paragraph 47 of the Complaint.

48. All Granite denies the allegations of Paragraph 48 of the Complaint.

49. All Granite denies the allegations of Paragraph 49 of the Complaint.

## SIXTH CLAIM

50. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-49 hereof.

51. All Granite denies the allegations of Paragraph 51 of the Complaint.

52. All Granite denies the allegations of Paragraph 52 of the Complaint.

53. All Granite denies the allegations of Paragraph 53 of the Complaint.

54. All Granite denies the allegations of Paragraph 54 of the Complaint.

## SEVENTH CLAIM

55. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-54 hereof.

56. All Granite denies the allegations of Paragraph 56 of the Complaint.

57. All Granite denies the allegations of Paragraph 57 of the Complaint.

58. All Granite denies the allegations of Paragraph 58 of the Complaint.

59. All Granite denies the allegations of Paragraph 59 of the Complaint.

## EIGHTH CLAIM

60. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-59 hereof.

61. All Granite denies the allegations of Paragraph 61 of the Complaint.

62. All Granite denies the allegations of Paragraph 62 of the Complaint.

63. All Granite denies the allegations of Paragraph 63 of the Complaint.

64. All Granite denies the allegations of Paragraph 64 of the Complaint.

## NINTH CLAIM

65. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-64 hereof.

66. All Granite denies the allegations of Paragraph 66 of the Complaint.

67. All Granite denies the allegations of Paragraph 67 of the Complaint.

68. All Granite denies the allegations of Paragraph 68 of the Complaint.

69. All Granite denies the allegations of Paragraph 69 of the Complaint.

## TENTH CLAIM

70. All Granite incorporates by reference and realleges each and every admission and/or denial contained in Paragraphs 1-69 hereof.

71. All Granite is without sufficient knowledge to admit or deny the first sentence of Paragraph 71 of the Complaint. All Granite denies the remaining allegations of Paragraph 71 of the Complaint.

72. All Granite denies the allegations of Paragraph 72 of the Complaint.

73. All Granite denies the allegations of Paragraph 73 of the Complaint.

74. All Granite denies the allegations of Paragraph 74 of the Complaint.

75. All Granite denies the allegations of Paragraph 75 of the Complaint.

All Granite denies that Artisan is entitled to any of the relief requested in its Prayer for Relief.

## II. AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

1.   The Complaint fails to state a claim against All Granite upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

2.   Artisan's claims are barred under the equitable principles of laches and acquiescence.

THIRD AFFIRMATIVE DEFENSE

3. Artisan's claims are barred due to acquiescence and estoppel.

FOURTH AFFIRMATIVE DEFENSE

4. Artisan has not suffered any damages as a result of All Granite's conduct.

FIFTH AFFIRMATIVE DEFENSE

5. All Granite has acted in a commercially reasonable and lawful manner.

SIXTH AFFIRMATIVE DEFENSE

6. All Granite has not made any false or misleading statements or representations and has not engaged in any deceptive conduct.

SEVENTH AFFIRMATIVE DEFENSE

7. Artisan is barred from asserting its claim for dilution because Artisan's marks are not sufficiently famous.

EIGHTH AFFIRMITIVE DEFENSE

8. Artisan is barred from asserting its claim for dilution because Artisan's marks are not sufficiently distinctive.

NINTH AFFIRMITVE DEFENSE

9. Artisan is barred from asserting its claim for dilution because there is no tarnishment of Artisan's marks through All Granite's conduct.

TENTH AFFIRMITVE DEFENSE

10. All Granite has not intended to nor has it created a commercial impression that its trademark(s) is associated with any marks owned by Artisan.

ELEVENTH AFFIRMITIAVE DEFENSE

11. All Granite has adopted and is using its trademark in good faith.

TWELFTH AFFIRMATIVE DEFENSE

12.     All Granite has not "baited" customers into its retail stores through the use of any Artisan marks, and has not "switched" products prior to, during, or after a sale is made.

THIRTEENTH AFFIRMATIVE DEFENSE

13.     Artisan's trademark registration for the word "ARTISAN" is invalid.

FOURTEENTH AFFIRMATIVE DEFENSE

14.     Artisan's trademarks are not entitled to protection under the Lanham Act or under common law.

FIFTEENTH AFFIRMATIVE DEFENSE

15.     All Granite has not infringed any of Artisan's trademarks.

**DEFENDANT ALL GRANITE & MARBLE CORPORATION'S COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its counterclaims against the Plaintiff/Counterdefendant, Defendant/Counterplaintiff All Granite & Marble Corporation ("All Granite") seeks a judgment declaring that United States Trademark No. 2964024 is invalid and should be canceled, and that Plaintiff/Counterdefendant Artisan Manufacturing Corporation ("Artisan") has unlawfully defamed All Granite's business reputation. In support of these claims, All Granite alleges as follows:

1.     All Granite is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1-a Mount Vernon Street, Ridgefield Park, New Jersey 07660.

2.  As alleged in its Complaint, Artisan is a corporation organized and existing under the laws of the State of New York, with its office at 375 Broadway, Third Floor, New York, New York 10018.

4.  Artisan alleges in its Complaint that it is the owner of U.S. Trademark Registration No. 2964024 for the mark "ARTISAN". Artisan has alleged that All Granite has unlawfully used the mark "ARTISAN", violating various provisions of the Lanham Act.

5.  An actual controversy has arisen between the parties regarding the validity of U.S. Trademark Registration No. 2964024.

6.  This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1332, 1338, 1367, 2201 and 2202. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7.  All Granite hereby incorporates and realleges all of the allegations set forth in Paragraphs 1-75 of its Answer, as well as each of its Affirmative Defenses.

COUNT I – Declaration of Invalidity of U.S. Trademark Registration No. 2964024 Based on Fraud

8.  All Granite hereby incorporates and reallages paragraphs 1-7 as if repeated in full herein.

9.  Artisan Manufacturing Corporation is the registered owner of U.S. Trademark Registration No. 2964024 for the word mark "ARTISAN" as used on or in connection with "sinks, namely stainless steel and color sinks; plumbing fixtures, namely stainless steel hot water tanks; bath tubs; sanitary apparatus and installations, namely, stainless steel toilets, stainless steel sinks, in class 11 (U.S. Class 13, 21, 23, 31 and 34)."

10. U.S. Trademark Application No. 78/363819, which became U.S. Trademark Registration No. 2964024, was filed on February 6, 2004, and includes a Declaration which states under penalty of perjury that the mark has been used on or in connection with "sinks, namely, stainless steel and color sinks; plumbing fixtures, namely, stainless steel hot water tanks; bath tubs; sanitary apparatus and installations, namely, stainless steel toilets, stainless steel sinks, toilet paper holders and tissue holders" since at least as early as September 1, 1993, and is still in use in such commerce.

11. Thereafter on September 1, 2004, the Examining Attorney of the United States Patent and Trademark Office conducted a telephone interview with Artisan's attorney regarding an amendment to the description of goods and the requirement to file a substitute specimen. More particularly, the description of good was amended to delete "toilet paper holders and tissue holders." The remaining list of goods was not altered.

12. During that same telephone interview, the Examiner directed Artisan to file a substitute specimen showing the mark as used in commerce. Artisan was also advised that it could amend the filing basis for its application if it could not comply with the requirement for a substitute specimen.

13. On October 29, 2004, Artisan filed a Response in U.S. Trademark Application No. 78/363819, submitting a substitute specimen, together with a Declaration signed by Alex Han, President of Artisan Manufacturing Corporation. Artisan did not amend its description of goods, and did not change its filing basis for the application,

14. The Declaration filed on October 29, 2004 states under penalty of perjury that "[t]he mark is in use in commerce and was in use in commerce on or in connection

with the goods or services listed in the application on the application filing date," thereby confirming its earlier Declaration regarding usage of the mark

15.     Upon information and belief, Artisan does not and has never used the mark "ARTISAN" in commerce on or in connection with at least one or more of the following: "stainless steel hot water tanks"; "bath tubs"; "sanitary apparatus and installations"; "stainless steel toilets"; "toilet paper holders" or "tissue holders".

16.     Artisan was aware at the time the application was filed that it did not and had never used the mark "ARTISAN" in commerce on or in connection with at least one or more of the following: stainless steel hot water tanks, bath tubs, sanitary apparatus and installations, stainless steel toilets, toilet paper holders or tissue holders.  Thus, the Declaration contained in the originally-filed application contained false material representations of fact.

17.     Artisan was aware at the time it conducted a telephone interview with the Trademark Office on September 1, 2004 that it did not and had never used the mark "ARTISAN" in commerce on or in connection with at least one or more of the following: stainless steel hot water tanks, bath tubs, sanitary apparatus and installations, stainless steel toilets, toilet paper holders or tissue holders.  Artisan not only failed to advise the Examining Attorney of this fact, it agreed to an amendment of the description of goods which recited goods on which the mark was not and had never been used.  This representation to the United States Patent and Trademark Office was fraudulent and included false material representations of fact.

18.     Artisan was aware at the time it filed its Response and Declaration on October 29, 2004 that it did not and had never used the mark "ARTISAN" in commerce

on or in connection with at least one or more of the following: stainless steel hot water tanks, bath tubs, sanitary apparatus and installations and stainless steel toilets. Thus, the Declaration submitted with the Response and signed by Artisan's president under penalty of perjury contained false material representations of fact. Moreover, at the time it filed its Response, Artisan did not amend its description of goods, and did not amend its filing basis. This failure to amend its application served to further and affirm the fraudulent statements made to the United States Patent and Trademark Office.

19. U.S. Trademark Registration No. 2964024 is accordingly invalid in view of the fraud perpetrated upon the U.S. Patent and Trademark Office, and such registration should be canceled in its entirety.

<u>COUNT II – Declaration of Invalidity of U.S. Trademark Registration No. 2964024<br>Based on Descriptiveness</u>

20. All Granite hereby incorporates and realleges paragraphs 1-19 as if repeated in full herein.

21. According to the American Heritage Dictionary of the English Language, 4th Ed. (2006), the term "artisan" means "a skilled manual worker; a craftsperson".

22. The term "artisan" is readily understood by customers to refer to products made by craftsmen.

23. The term "artisan" immediately conveys knowledge of a significant quality, characteristic, function, feature or purpose of the services with which it is used.

24. The term "artisan" as it refers to Artisan's products is merely descriptive.

25. U.S. Trademark Registration No. 2964024 is invalid under 15 U.S.C. §1052(e)(1) and should be canceled.

COUNT III – Defamation under New Jersey Common Law

26.     All Granite hereby incorporates and reallages paragraphs 1-25 as if repeated in full herein.

27.     Upon information and belief, Artisan, through its employees and agents, has contacted independent parties alleging that All Granite has engaged in fraudulent conduct.

28.     Upon information and belief, Artisan, through its employees and agents, has contacted independent parties alleging that All Granite has misled the independent third party.

29.     All Granite has not, in fact, misled any parties or engaged in fraudulent conduct.

30.     Upon information and belief, Artisan, through its employees and agents, has contacted former customers of All Granite and represented to those former customers that All Granite supplied them with inferior products or services.

31.     All Granite has not, in fact, supplied customers with inferior products or services.

32.     The statements made by Artisan to independent third parties were designed to disparage All Granite's business and commercial reputation.

33.     The statements made by Artisan to independent third parties and former customers as alleged above attacked the integrity of All Granite's business.

34.     The statements made by Artisan to independent third parties constitute defamation of All Granite's business reputation.

## PRAYER AND RELIEF

WHEREFORE, Defendant/Counter-Plaintiff All Granite prays that this Honorable Court enter a judgment:

A.  Dismissing the Complaint against All Granite with prejudice;

B.  Declaring that U.S. Trademark Registration No. 2964024 is invalid and directing the United States Patent and Trademark Office to cancel the registration;

C.  Enjoining and restraining Artisan, its respective agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from charging All Granite or its customers with infringement of U.S. Trademark Registration No. 2964024, from representing to others that All Granite is liable for infringement, and from otherwise interfering in any way with the manufacture, use and/or distribution of products by All Granite;

D.  Enjoining and restraining Artisan from engaging in any defamatory actions against All Granite;

E.  For a judgment declaring that All Granite has not committed any acts which constitute trademark counterfeiting; trademark infringement under Federal law or common law; false designation of origin; false advertising under Federal or New York law; unfair competition; unjust enrichment; deceptive acts and practices under New York law; or trademark dilution under New York law;

F.  Holding Artisan liable for defamation of All Granite's reputation;

G.  Requiring Plaintiffs/Counter-Defendants to pay All Granite's costs and

attorney fees.

    H.    Awarding such other or further relief as the Court deem just and proper.

Respectfully submitted,

Dated: April 3, 2008

/s/ Jon A. Chiodo
R. Glenn Schroeder
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, New York  11791
Phone: (516) 822-3550
Fax: (516) 822-3582

Jon A. Chiodo (JC-1215)
HOFFMANN & BARON, LLP
6 Campus Drive
Parsippany, New Jersey  07054
Phone: (973) 331-1700
Fax: (973) 331-1717

ATTORNEYS FOR DEFENDANT,
All Granite & Marble Corporation

UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x

| | |
|---|---|
| ARTISAN MANUFACTURING CORPORATION, | : |
| Plaintiff, | : 07-cv-11278 (WHP) |
| v. | : *Filed Via ECF* |
| ALL GRANITE & MARBLE CORPORATION, | : |
| Defendant. | : |

----------------------------------------------------x

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2008, I electronically filed Defendant's Answer and Counterclaims with the Clerk of Court using the ECF system, which was electronically sent to the following:

Eleanor Martine Lackman<br>Louis Sherman Ederer<br>Arnold & Porter, LLP<br>399 Park Avenue<br>New York, NY 10022

By: _____
Jon A. Chiodo