UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
: 
ARTISAN MANUFACTURING CORPORATION,   :   Civil Action No.: 07 CV 11278
:   (WHP)
Plaintiff,   :
:
- against -   :
:
ALL GRANITE & MARBLE CORPORATION,   :
:
Defendant.   :
:
------------------------------------------------------------------ x

### PLAINTIFF ARTISAN MANUFACTURING CORPORATION'S REPLY TO COUNTERCLAIMS

Plaintiff Artisan Manufacturing Corporation ("Artisan"), by and through its attorneys Arnold & Porter LLP, responds to the Answer and Counterclaims (the "Counterclaims") of Defendant All Granite & Marble Corporation ("All Granite") as follows:

1. Artisan denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaims.

2. Artisan admits the allegations contained in paragraph 2 of the Counterclaims.

3. As paragraph 3 has been omitted from the Counterclaims, no response is necessary.

4. Artisan admits the allegations contained in paragraph 4 of the Counterclaims.

5. Artisan states that no response is required to paragraph 5 inasmuch as it states a legal conclusion. To the extent a response is required, Artisan denies the allegations contained in paragraph 5.

6. Artisan admits that this Court has jurisdiction, but denies that 28 U.S.C. § 1400(b) provides a basis for proper venue in this District.

1

7.  Artisan hereby incorporates and realleges all of the allegations set forth in its Complaint.

## COUNT I

8.  Artisan repeats and realleges the responses to paragraphs 1 through 7 of the Counterclaims set forth above as if fully set forth herein in their entirety.

9.  Artisan admits the allegations contained in paragraph 9 of the Counterclaims.

10. Artisan admits that U.S. Trademark Application No. 78/363819 was filed on February 6, 2004, and refers the Court to said application for the contents thereof.  Except as so admitted, Artisan denies the remaining allegations contained in paragraph 10 of the Counterclaims.

11. Artisan admits that the Examining Attorney of the United States Patent and Trademark Office issued an "Examiner's Amendment/Priority Action" on September 1, 2004, and refers the Court to said "Examiner's Amendment/Priority Action" for the contents thereof. Except as so admitted, Artisan denies the remaining allegations contained in paragraph 11 of the Counterclaims.

12. Artisan admits that the Examining Attorney of the United States Patent and Trademark Office issued an "Examiner's Amendment/Priority Action" on September 1, 2004, and refers the Court to said "Examiner's Amendment/Priority Action" for the contents thereof. Except as so admitted, Artisan denies the remaining allegations contained in paragraph 12 of the Counterclaims.

13. Artisan admits that it filed a response to the "Examiner's Amendment/Priority Action" concerning Application No. 78/363819 on October 29, 2004, and refers the Court to said response for the contents thereof.  Except as so admitted, Artisan denies the remaining

allegations contained in paragraph 13 of the Counterclaims.

14.     Artisan admits that it filed a declaration in support of the response to the "Examiner's Amendment/Priority Action" concerning Application No. 78/363819 on October 29, 2004, and refers the Court to said declaration for the contents thereof. Except as so admitted, Artisan denies the remaining allegations contained in paragraph 14 of the Counterclaims.

15.     Artisan admits that it has not used the mark ARTISAN in connection with at least one of the goods listed in Paragraph 15 of the Counterclaims.

16.     Artisan states that no response is required to paragraph 16 of the Counterclaims inasmuch as it states a legal conclusion. To the extent a response is required, Artisan denies the allegations contained in paragraph 16 of the Counterclaims.

17.     Artisan states that no response is required to paragraph 17 of the Counterclaims inasmuch as it states a legal conclusion. To the extent a response is required, Artisan denies the allegations contained in paragraph 17 of the Counterclaims.

18.     Artisan states that no response is required to paragraph 18 of the Counterclaims inasmuch as it states a legal conclusion. To the extent a response is required, Artisan denies the allegations contained in paragraph 18 of the Counterclaims.

19.     Artisan states that no response is required to paragraph 19 of the Counterclaims inasmuch as it states a legal conclusion. To the extent a response is required, Artisan denies the allegations contained in paragraph 19 of the Counterclaims.

## **COUNT II**

20.     Artisan repeats and realleges the responses to paragraphs 1 through 19 of the Counterclaims set forth above as if fully set forth herein in their entirety.

21.     Artisan denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 21 of the Counterclaims.

22. Artisan denies the allegations contained in paragraph 22 of the Counterclaims.

23. Artisan denies the allegations contained in paragraph 23 of the Counterclaims.

24. Artisan denies the allegations contained in paragraph 24 of the Counterclaims.

25. Artisan denies the allegations contained in paragraph 25 of the Counterclaims.

## COUNT III

26. Artisan repeats and realleges the responses to paragraphs 1 through 25 of the Counterclaims set forth above as if fully set forth herein in their entirety.

27. Artisan admits that it has alleged in this action that All Granite has engaged in fraudulent conduct, but denies the remaining allegations contained in paragraph 27 of the Counterclaims.

28. Artisan admits that it has alleged in this action that All Granite has misled customers, but denies the remaining the allegations contained in paragraph 28 of the Counterclaims.

29. Artisan denies the allegations contained in paragraph 29 of the Counterclaims.

30. Artisan denies the allegations contained in paragraph 30 of the Counterclaims.

31. Artisan denies the allegations contained in paragraph 31 of the Counterclaims.

32. Artisan denies the allegations contained in paragraph 32 of the Counterclaims.

33. Artisan denies the allegations contained in paragraph 33 of the Counterclaims.

34. Artisan states that no response is required to paragraph 34 of the Counterclaims inasmuch as it states a legal conclusion. To the extent a response is required, Artisan denies the allegations contained in paragraph 34 of the Counterclaims.

## FIRST DEFENSE

35.     All Granite's Counterclaims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

36.     All Granite's Counterclaims are barred, in whole or in part, by All Granite's unclean hands.

## THIRD DEFENSE

37.     All Granite's First Counterclaim is barred, in whole or in part, for failure to plead the elements of materiality and intent with sufficient particularity.

## FOURTH DEFENSE

38.     All Granite's First and Second Counterclaims are barred, in whole or in part, because All Granite lacks standing.

## FIFTH DEFENSE

39.     All Granite's Third Counterclaim is barred, in whole or in part, because the alleged statements giving rise to said counterclaim are true.

## SIXTH DEFENSE

40.     All Granite's Third Counterclaim is barred, in whole or in part, because the alleged statements giving rise to said counterclaim are protected by the judicial proceedings privilege.

## SEVENTH DEFENSE

41.     All Granite's Third Counterclaim is barred, in whole or in part, because the alleged statements giving rise to said counterclaim are protected by the common interest privilege.

WHEREFORE, Plaintiff Artisan Manufacturing Corporation demands judgment dismissing the Counterclaims in their entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 14, 2008

ARNOLD & PORTER LLP

By:     /s/ John Maltbie
Louis S. Ederer
John Maltbie
Eleanor M. Lackman
399 Park Avenue
New York, NY 10022
(212) 715-1000

*Attorneys for Plaintiff Artisan Manufacturing Corp.*